**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000391
15-NOV-2013
08:40 AM**

NO. CAAP-12-0000391

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DARRYL H. ARRUDA,
Claimant-Appellant,
v.
WILLOCKS CONSTRUCTION CORP.,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Employer/Insurance Carrier-Appellee,
and
SPECIAL COMPENSATION FUND,
Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-431(WH) (9-06-01590))

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this workers' compensation case, Claimant-Appellant
Darryl H. Arruda (Arruda) appeals from the "Amended Decision and
Order" of the Labor and Industrial Relations Appeals Board
(Board) in Case No. AB 2009-431(WH) filed March 15, 2012.

On appeal, Arruda contends the Board erred when it
concluded the prior administrative finding, which found Arruda
not permanently disabled, was uncontested.[1]

---

[1]     Arruda failed to present arguments on his other points of error,
which are thus deemed waived. See Hawai'i Rules of Appellate Procedure (HRAP)
Rule 28(b)(7) ("Points not argued may be deemed waived.").

Arruda's brief violates HRAP Rule 28(b)(3) and (4) by failing to
cite to the record. The brief appears unfinished and in some instances,
misleading. Counsel for Arruda is warned that future violations may result in
sanctions.

## I. BACKGROUND

Arruda sustained injuries to his low back from bouncing in the driver's seat while driving a service truck for Employer-Appellee Willocks Construction Corporation (Willocks[2]) on October 12, 2006 (October Injury). Arruda visited his treating physician, Kevin K. Kurohara, M.D. (Dr. Kurohara) later that day. Arruda had previously sustained work injuries to his low back in 1999 and 2005.

### A. Director's Initial Decision

On October 9, 2007, the State of Hawaiʻi, Department of Labor and Industrial Relations Disability Compensation Division (Director) issued a "Decision and Order" finding Arruda sustained a compensable injury to the low back and psyche from the October Injury and was entitled to temporary total disability (TTD) benefits from October 15, 2006 through August 22, 2007. The Director also decided that further TTD benefits were contingent on disability certification and the matter of permanent disability from the October Injury, if any, was left to be determined later. Willocks appealed this decision.

While Willocks' appeal was pending, Peter E. Diamond, M.D. (Dr. Diamond) conducted an independent medical evaluation of Arruda's orthopedic and psychological injuries. Willocks withdrew its appeal and requested a hearing before the Director to resolve open issues, including the issue of permanent disability. The Director's "Notice of Hearing" listed permanent disability as a purpose for the hearing.

### B. Director's Supplemental Decision

On June 19, 2009, the Director issued a supplemental decision (June Decision) finding in relevant part: (1) Arruda was not entitled to further TTD benefits and his entitlement to

---

[2]      Willocks is insured by Insurance Carrier-Appellee Hawaii Employers' Mutual Insurance Company, Inc. "Willocks" refers to both insured and insurance carrier.

medical care ended July 31, 2008; (2) Willocks properly denied Dr. Kurohara's treatment plans; (3) the October Injury did not result in any permanent partial disability; and (4) Willocks was not liable for expenses Arruda incurred pursuing vocational rehabilitation services, "based on the opinion of Dr. Diamond that no permanent partial disability resulted from [the October injury], and [Willocks'] statement that appropriate work was available for the claimant." (Emphasis added.)

On June 25, 2009, Willocks requested reconsideration of the June Decision. The Director issued an amended decision on July 20, 2009 (July Decision). The July Decision corrected two clerical errors but did not change the substance of the June Decision. Arruda then appealed the July Decision.

**C. Appeals Board Decision**

On November 9, 2009, after receiving initial conference statements from Arruda, Willocks, and the Special Compensation Fund, the Board determined the issues for trial as (1) whether Arruda's October Injury entitled him to medical care beyond July 31, 2008, medical care under Dr. Kurohara's treatment plans, TTD benefits beyond December 25, 2008, and/or vocational rehabilitation services; and (2) whether Willocks was entitled to a credit and/or reimbursement of any amounts overpaid to Arruda for TTD as of August 1, 2008, and if so, in what amount.

Trial was held October 13, 2010. Following the trial, Arruda submitted a second pre-hearing statement. This statement added "[p]ermanent total disability or permanent partial disability" (permanent disability) as an issue on appeal. However, the permanent disability issue had not been raised in any initial conference statement or the Board's November 9, 2009 pretrial order.

The Board issued its first "Decision and Order" on November 2, 2011. This "Decision and Order" was subsequently amended twice. The first decision concluded:

3

(1) Arruda may be entitled to medical care beyond July 31, 2008, depending on the requested care satisfying Hawaii Revised Statutes (HRS) § 386-21 (Supp. 2006) and the Hawai'i Workers' Compensation Medical Fee Schedule (Fee Schedule).

(2) Arruda was not entitled to medical care under Dr. Kurohara's treatment plans because the plans did not meet the requirements of the Fee Schedule.

(3) Arruda was not entitled to TTD benefits beyond December 25, 2008: "The evidence is that Claimant was capable of working at a light level of work, and, therefore, was not totally disabled."

(4) Arruda is entitled to vocational rehabilitation services because the "record indicates that [Arruda] <u>may sustain permanent disability as a result of the [October Injury] [and] [t]here is no credible evidence that [Arruda] has not sustained and will not sustain any permanent disability</u> as a result of the [October Injury]." (Emphasis added.)

(5) Willocks was not entitled to a credit or reimbursement because the notice of its intent to claim a credit failed to meet the requirements of HRS § 386-52 (1993).

On November 10, 2011, Willocks filed a request for reconsideration under Hawaii Administrative Rules (HAR) § 12-47-53 (eff. 1981). The request challenged the finding that Arruda may have suffered a permanent disability from the October Injury and the conclusion that Arruda was entitled to vocational rehabilitation services. The Board granted the request and issued an "Amended Decision and Order" on March 15, 2012 (March Order).[3]

The Board's March Order found the Director's July Decision regarding permanent disability was not challenged on

---

[3] The March Order is an appealable final decision under HRS § 91-14(a) (2012 Repl.) and HRS § 386-88 (2012 Repl.).

4

appeal and reversed the conclusion that Arruda was entitled to vocational rehabilitation services. On March 21, 2012, the Board issued a "Second Amended Decision and Order," which corrected a clerical error.

## II. STANDARD OF REVIEW

Appellate review of the Board's decision is governed by HRS § 91-14(g) (1993), which provides:

> Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
>> (1) In violation of constitutional or statutory provisions; or
>>
>> (2) In excess of the statutory authority or jurisdiction of the agency; or
>>
>> (3) Made upon unlawful procedure; or
>>
>> (4) Affected by other error of law; or
>>
>> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>>
>> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Igawa v. Koa House Rest., 97 Hawaiʻi 402, 405-06, 38 P.3d 570, 573-74 (2001).

Findings of fact are reviewed to determine if the agency decision was "clearly erroneous in view of reliable, probative, and substantial evidence on the whole record." Id. at 406, 38 P.3d at 574. Conclusions of law are reviewed under HRS § 91-14(g)(1), (2), and (4); questions regarding procedural defects are reviewed under subsection (3). Capua v. Weyerhaeuser Co., 117 Hawaiʻi 439, 444, 184 P.3d 191, 196 (2008). We review conclusions of law de novo, under the right/wrong standard. Id.

5

## III.  DISCUSSION

The Board erred when it concluded the Director's finding that Arruda was not permanently disabled was uncontested on appeal.  The Board's March Order found:

### FINDINGS OF FACT

The Board [made] the following Findings of Fact.

. . . .

4.  The Director's decision dated June 19, 2009 and amended decision dated July 20, 2009, determined that [Arruda] sustained no permanent disability as a result of his [October Injury].[4]

Although [Arruda] appealed these decisions of the Director, no party raised the issue of permanent disability as an issue on appeal.  As such, the Director's determination that [Arruda] sustained no permanent disability was uncontested.

. . . .

23.  Based upon the Director's uncontested determination that [Arruda] did not suffer permanent disability, the Board finds that [Arruda] did not suffer permanent disability as a result of the [October Injury] and, therefore, [Arruda] is not entitled to [Vocational Rehabilitation Services].

### CONCLUSIONS OF LAW

The Board [made] the following Conclusions of Law.

. . . .

6.  The Director's determination that [Arruda] did not sustain permanent disability as a result of the [October Injury] was uncontested.  The Board concludes, therefore, that [Arruda] did not sustain permanent disability and is not entitled to vocational rehabilitation services.

Arruda contends the Board's finding that the permanent disability issue was uncontested is "clearly erroneous since it is evident that [Arruda] argued the issue in its Post Hearing Brief, . . . in its letter dated Nov. 30, 2011, opposition to

---

[4]  The Board used "July 12, 2006" in the June decision instead of the actual date of the October Injury; the Board's "Second Amended Decision and Order" corrected the mistake.

reconsideration, and placed medical evidence in the record [concerning permanent disability.]"

HRS § 386-87 (1993) provides that in an appeal from a decision of the Director, the Board has the authority to review the director's findings, conclusions, and exercise of discretion, and "may affirm, reverse or modify any compensation case upon review[.]" Here, the Board affirmed a finding of the Director because it was not raised in the parties' pretrial statements.

HAR § 12-47-22(c) gives the Board discretion to modify the pretrial order to prevent manifest injustice:

> (c) <u>The pretrial order shall control the subsequent course of the appeal, unless modified by the board at the trial or prior thereto to prevent manifest injustice</u>. The pretrial order shall supersede the pleadings where there is any conflict and shall supplement the pleadings in all other respects.

(Emphasis added.)

The issue of permanent disability was not specifically raised before trial and was not included in the Board's pretrial order. Arruda's second "pretrial" statement raised the issue after trial. Willocks' post-trial memorandum addressed the issue to the extent that it related to the issue of Arruda's eligibility for vocational rehabilitation services. However, an issue need not be in a pretrial order to confer subject matter jurisdiction to the Board. <u>See</u> <u>Kawamoto v. NHC, Inc.</u>, No. 29295 (App. Oct. 19 2009) (SDO); <u>see</u> <u>also</u> <u>Alkire-Clemen v. Castle Med. Ctr.</u>, Nos. 28764 and 28765 (App. Jan. 28, 2010) (SDO).

In <u>Kawamoto</u>, we rejected the employer's contention that an issue needed to be specifically identified in the pretrial order for the Board to address it. <u>Kawamoto</u>, SDO at 4-5. The pretrial order in <u>Kawamoto</u> identified as issues on appeal whether the claimant suffered a compensable shoulder injury and whether the claimant was entitled to orthopedic consultations for shoulder conditions, but did not specify the issue of entitlement to surgery. <u>Id.</u> The Board concluded the claimant suffered a

compensable shoulder injury and was entitled to both orthopedic consultations and surgery. Kawamoto, SDO at 1. We affirmed this finding, reasoning that HRS § 386-87 gives the Board authority to review the Director's entire decision de novo, and HAR § 12-47-22(c) gives the Board discretionary power to modify pretrial orders at or before trial. Kawamoto, SDO at 4. We further reasoned the employer had adequate notice that surgery entitlement would be an issue before the board because it rose naturally from the potential conclusion that the claimant suffered a compensable shoulder injury. Kawamoto, SDO at 5.

In Alkire-Clemen, we again rejected the contention that a Board conclusion was invalid because it exceeded the scope of the issues specified in the pretrial order. Alkire-Clemen, SDO at 3. There, the Board's pretrial order listed as an issue the claimant's entitlement to medical care solely for an adjustment disorder. Id. We held:

> Claimant's appeal to the [Board] clearly encompassed the question of whether Claimant's psychological condition was a covered injury attributable to her February 24, 1998, work injury. Through Claimant's medical reports, Employer was aware that Claimant's psychological condition had not only been diagnosed as an adjustment disorder, but also as a chronic pain disorder and depression. Moreover, one of the issues before the [Board] was "Whether Employer is liable for [Claimant's Doctor's] continued psychiatric treatment." Thus, we conclude that Employer had fair notice that its liability for Claimant's psychological condition was in issue and that Employer had a fair opportunity to litigate that issue and to dispute that Claimant suffered from the psychological condition found by the [Board].

Id.

Unlike Kawamoto and Alkire-Clemen, the Board here refrained from considering an issue not specifically raised in the pretrial order. While this situation presents an apparent issue of first impression, Kawamoto and Alkire-Clemen remain instructive. We are persuaded by the reasoning that pretrial orders are not meant to be set in stone where issues lack clear demarcations, share facts, and are inextricably intertwined.

Arruda's entitlement to vocational rehabilitation services was an issue on appeal to the Board. HAR § 12-14-1 provides "[e]ligibility for vocational rehabilitation services means the employee has or may have suffered permanent disability as a result of work injuries." The plain language of this regulation provides fair notice that permanent disability would be at issue. We cannot conceive of a scenario in which entitlement to vocational rehabilitation services can be resolved without addressing the issue of permanent disability. As such, we conclude the Board erred as a matter of law when it found the issue of permanent disability was uncontested.

Our decision is also guided by long-standing policy considerations. Hawai'i's workers' compensation laws are founded on a beneficent, humanitarian purpose, which affords liberal construction in favor of employees. See Korsak v. Hawaii Permanente Med. Grp., 94 Hawai'i 297, 306, 12 P.3d 1238, 1247 (2000). "The two goals of workers' compensation law are to restore the injured employee and to compensate the employee adequately." Respicio v. Waialua Sugar Co., 67 Haw. 16, 18, 675 P.2d 770, 772 (1984). Considering the purpose and goals of workers' compensation, we must cautiously review any construction which might narrow the coverage or deprive qualified persons of benefits. See Camara v. Agsalud, 67 Haw. 212, 217, 685 P.2d 794, 797 (1984) (discussing Hawai'i's unemployment compensation law).

The Board's original order concluded that Arruda was entitled to vocational rehabilitation services because the "record indicates that [Arruda] may sustain permanent disability as a result of the [October Injury] [and] [t]here is no credible evidence that [Arruda] has not sustained and will not sustain any permanent disability as a result of the [October Injury]." The Board's March Order, however, essentially reversed itself and concluded Arruda was not entitled to vocational rehabilitation because he did not specify permanent disability as an issue

9

before the Board.    Affirmation of this attenuated logic would contravene the purpose and goals of workers' compensation law.

### IV.    CONCLUSION

Accordingly, the "Amended Decision and Order" of the Labor and Industrial Relations Appeals Board in Case No. AB 2009-431(WH), filed March 15, 2012, is vacated and this case is remanded for further proceedings consistent with this opinion.

DATED:    Honolulu, Hawaiʻi, November 15, 2013.

On the briefs:

Stanford H. Masui
Erin B.J.H. Masui
for Claimant-Appellant.

Robert E. McKee, Jr.
for Employer/Insurance
Carrier-Appellee.

Frances E.H. Lum
Nelson T. Higa
Deputy Attorneys General
for Appellee.

Chief Judge

Associate Judge

Associate Judge

10